WESTCHESTER FIRE INSURANCE CO., RESPONDENT, *v.*
SULLIVAN, COUNTY TREASURER, APPELLANT.

(No. 3,096.)

(Submitted February 5, 1912.    Decided February 6, 1912.)

[121 Pac. 472.]

*Taxation—Insurance—Excess of Premiums—Statutes—Repeal—
Effect.*

Taxation—Insurance—Excess of Premiums—Statutes—Repeal.
   1.   Section 2510, Revised Codes, provides that property shall be
   assessed, for purposes of taxation, to the person by whom it is owned
   or claimed at 12 o'clock noon on the first Monday of March of each
   year.   Section 4073, making the excess of premiums collected by in-
   surance companies, over losses and expenses, assessable, was repealed
   by Act approved March 2, 1911 (Laws 1911, Chap. 67), which Act
   became operative upon approval.   The first Monday of March fell
   on the 6th of the month.   *Held,* that a tax assessed under section
   4073, *supra,* on excess of premiums for the year 1911 was void.
Statutes—Repeal—Effect.
   2.   The repeal of a statute has the effect of blotting it out as com-
   pletely as though it never existed.

*Appeal from District Court, Lewis and Clark County; J. Mil-
ler Smith, Judge.*

ACTION by the Westchester Fire Insurance Company against
Stephen J. Sullivan, county treasurer of Lewis and Clark county.
From a judgment for plaintiff, defendant appeals.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Albert J. Galen,* Attorney General, for Appellant.

*Mr. E. C. Day,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

The only question presented in this case is whether the treas-
urer of Lewis and Clark county could lawfully collect from the
plaintiff, for the year 1911, the tax heretofore imposed upon
insurance companies under the provisions of section 4073, Re-

vised Codes. So much of this section as is pertinent reads as follows: "Each and every insurance corporation or company transacting business in this state must be taxed upon the excess of premiums received over losses and ordinary expenses incurred within the state during the year previous to the year of listing in the county where the agent conducts the business, properly proportioned by the corporation or company at the same rate that all other personal property is taxed, and the agent shall render the list, and be personally liable for the tax; and if he refuse to render the list or to make affidavit that the same is correct, to the best of his knowledge and belief, the amount may be assessed according to the best knowledge and discretion of the assessor."

By an Act of the legislative assembly, approved March 2, 1911 [1] (Laws 1911, Chap. 67), which became operative immediately upon its approval, section 4073 was repealed. Notwithstanding the repeal, the county assessor demanded from the plaintiff the list provided for in section 4073. This the plaintiff furnished under protest, and thereafter, under like protest, paid to the defendant $79.69, the amount of the tax levied by the taxing authorities of the county upon the excess of premiums collected by the plaintiff, as shown therein, for the year 1910. This action was brought to recover the amount so paid. The district court held the tax unlawful and rendered judgment for the plaintiff. The defendant has appealed.

Under section 2510, Revised Codes, it is the duty of the county assessor to ascertain and list all property in his county subject to taxation, and assess the same to the person by whom it is owned or claimed, or in whose possession or control it was at 12 o'clock noon on the first Monday of March of the current year. The first Monday in March, 1911, fell on the sixth day of the month. By virtue of the repeal of section 4073, there was, at the time the list was furnished and the assessment and levy were made, no provision of law requiring the payment of the tax. It was within the power of the legislature to have made a reservation in the repealing Act, requiring the payment of the tax upon the

excess of premiums collected for the year 1910; but it did not do so. The Act contains no reservation, and became immediately operative. Whatever liability there was upon the plaintiff to pay any tax during the year 1911 attached subsequent to the passage of the repealing Act. Hence, as no liability had attached at the time the levy and assessment were made, they were both without authority of law. The repeal of the Code provision had [2] the effect of blotting it out as completely as if it had never existed. (36 Cyc. 1224.)

There is no suggestion by counsel on either side that the repealing Act violates any provision of the Constitution touching the taxation of property, or that by virtue of it the plaintiff has been permitted to escape the payment of taxes upon any of its property or assets subject to taxation in this state.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.