POHL, APPELLANT, v. CHICAGO, MILWAUKEE & ST. P.
RY. CO., RESPONDENT.

(No. 3,679.)

(Submitted September 18, 1916.  Decided October 16, 1916.)

[160 Pac. 515.]

*Taxation—Poll Taxes—Statutes—Constitution—Due Process of
Law—Equal Protection of the Law—County Assessor:*

Taxation—Direct Taxes—United States Constitution.
  1.  Sections 2 and 9, Article I, United States Constitution, which de-
  clare that if direct taxes are laid, they must be apportioned among
  the several states according to population, are limitations upon the
  power of Congress and have no application to the states; they could
  therefore not be looked to in support of an attack upon the statute
  imposing a poll tax (secs. 2692–2714, Rev. Codes).
    [As to what is a direct tax within the meaning of the federal Con-
  stitution, see note in Ann. Cas. 1912B, 1328.]

Same—Poll Taxes—Constitution—Due Process of Law.
  2.  The statute imposing a poll tax *held* not subject to the objection
  (sec. 1, 14th Amendment, U. S. Constitution) that in failing to provide
  for notice before the tax is levied and collected, it deprives the tax-
  payer of his property without due process of law.

Statutes—Constitutionality—Who may not Question.
  3.  One not affected by a statute will not be heard to question its con-
  stitutionality.

Taxation—Exemption from—Constitution.
  4.  Section 6, Article XII, of the state Constitution, forbidding the
  release of municipal corporations or their inhabitants from their pro-
  portionate share of state taxes, refers only to state taxes and not to
  those imposed for county or local purposes,—such as poll taxes.

Statutes—Constitutionality—Rule.
  5.  In determining the constitutionality of statutes, courts look beyond
  the mere form of expression to the object and purpose of the legisla-
  tion.

Taxation—Poll Taxes—Nature of Imposition—Equal Protection of Laws.
  6.  *Held*, that the statute imposing a poll tax is a police regulation
  designed to carry into effect the provision of section 5, Article X, of
  the Constitution, making it incumbent upon the counties of the state
  to care for their poor; that such an imposition is not a "tax" within
  the meaning of the Constitution and revenue measures generally, and
  therefore not subject to the uniformity rule or other restrictions in-
  cident to such measures.

Same—Poll Taxes—County Assessor may Collect.
  7.  The legislature could properly provide that the county assessor
  should act as collector of poor funds in the shape of poll taxes, and in
  performing that duty such officer did not become a collector of
  taxes, contrary to constitutional provision.

*Appeal from District Court, Powell County, in the Third Judicial District; J. E. Erickson, Judge of the Eleventh District, presiding.*

ACTION by E. C. Pohl against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Mr. W. E. Keeley,* for Appellant, submitted a brief and argued the cause orally.

Sections 1068 and 2692, Revised Codes, are void as a capitation tax. A poll tax is not a tax upon property. It is a capitation tax; that is, a specific sum levied upon each person so taxed. (*Hassett* v. *Walls,* 9 Nev. 387; *People* v. *Ames,* 24 Colo. 422, 51 Pac. 426–428; *Proffit* v. *Anderson* (Va.), 20 S. E. 887; *Southern Ry. Co.* v. *St. Clair Co.,* 124 Ala. 491, 27 South. 23–25, 491; *Wilson* v. *Cantrell,* 40 S. C. 114, 18 S. E. 434, 517.)

Sections 2701, 2702, 2704 and 2705 are special laws for the assessment and collection of taxes. (*State* v. *Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551, 32 L. R. A. 635, 44 Pac. 516; *Daly Bank* v. *Board,* 33 Mont. 101, 81 Pac. 952; *People* v. *Central Pac. R. Co.,* 83 Cal. 393, 23 Pac. 303.)

Section 2702 is void because it deprives the employee of his property without due process of the law.

It has been repeatedly held in this state, ever since the case of *Chauvin* v. *Valiton,* 8 Mont. 451, 3 L. R. A. 194, 20 Pac. 658, the doctrine in which case has been ever since reaffirmed by this court, that this cannot be done. "Due process of law includes a notice and hearing before judgment." (*State* v. *District Court,* 33 Mont. 529, 532, 85 Pac. 367; *Cunningham* v. *Northwestern Imp. Co.,* 44 Mont. 180, 218, 119 Pac. 554.)

In the case of *McMillan* v. *The City of Butte,* 30 Mont. 220, 76 Pac. 203, it was held that creation of special improvement districts was not opposed to due process of law, because an opportunity is given the taxpayers to be heard, but reaffirmed the doctrine expressed in *Chauvin* v. *Valiton.* (*Ex parte Sullivan,*

10 Okl. Cr. 465, 138 Pac. 815; *Anderson* v. *Great Northern R. R. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127.)

Popular acquiescence in a particular mode of levying taxes for a long period of time cannot make it legal, where it clearly contravenes the provisions of the Constitution. (*State* v. *Ide,* 35 Wash. 576, 102 Am. St. Rep. 914, 1 Ann. Cas. 634, 67 L. R. A. 280, 77 Pac. 961; approved in *Tekoa* v. *Rielly,* 47 Wash. 202, 13 L. R. A. (n. s.) 901, 91 Pac. 769.)

Poll taxes cannot be collected. Under the poll tax laws of Montana, the legislature has conferred no power upon the county treasurer to collect poll taxes. On the other hand, it attempted to confer this power upon the county assessor (secs. 2693, 2699, 2700, 2701, 2703, 2704, 2707, 2709, 2710 and 2713, Rev. Codes). But all attempts to confer any power upon the assessor to collect taxes are void. (*Mutual Life Ins. Co.* v. *Martien,* 27 Mont. 437, 71 Pac. 470.)

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, submitted a brief in behalf of Respondent; *Mr. Wagner* argued the cause orally.

Authority of the assessor to collect poll taxes is not involved in this case. The procedure outlined by sections 2701, 2702, 2703 and 2714, Revised Codes, was followed. The employer paid to the county directly money in his hands due to and belonging to the county. The law is constitutional. (*State* v. *Owsley,* 17 Mont. 94, 42 Pac. 105; 37 Cyc. 766; *Shane* v. *City of Hutchinson,* 88 Kan. 188, 127 Pac. 606; *Thurston County* v. *Tenino Stone Quarries,* 44 Wash. 351, 12 Ann. Cas. 314, 9 L. R. A. (n. s.) 306, and note, 87 Pac. 634; *Tekoa* v. *Reilly,* 47 Wash. 202, 13 L. R. A. (n. s.) 901, and note, 91 Pac. 769.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment upholding the statute imposing our so-called poll tax. (Rev. Codes, secs. 2692–2714.) The statute was enacted in 1891 (Laws 1891,

p. 73), amended slightly in 1893 (Laws 1893, p. 65), and, as thus modified, carried into the compilations of 1895 and 1907. It is assailed upon the ground that it conflicts with the provisions of sections 2 and 9, Article I, of the Constitution of the United States, which declare that direct taxes, if laid, shall be apportioned among the several states according to population, and with section 1 of the Fourteenth Amendment, which forbids any state to deprive a person of life, liberty or property without due process of law.

The first two sections have no application to the states. They [1] are merely limitations upon the power of Congress. (Cooley on Taxation, 2d ed., p. 8; *License Tax Cases,* 5 Wall. 462, 18 L. Ed. 497; *Pollock* v. *Farmers' Loan & Trust Co.,* 157 U. S. 429, 39 L. Ed. 759, 15 Sup. Ct. Rep. 673.)

Assuming for present purposes that the statute under review [2] provides for the imposition of a tax as that term is understood in revenue parlance, it is not subject to the objection that in failing to provide for notice before the tax is levied or collected, it deprives the taxpayer of his property without due process of law. This question was set at rest by the supreme court of the United States in *Hagar* v. *Reclamation District,* 111 U. S. 701, 28 L. Ed. 569, 4 Sup. Ct. Rep. 663, where it is said: "Of the different kinds of taxes which the state may impose, there is a vast number of which, from their nature, no notice can be given to the taxpayer, nor would notice be of any possible advantage to him, such as poll taxes, license taxes (not dependent upon the extent of his business), and generally, specific taxes on things, or persons or occupations. In such cases the legislature, in authorizing the tax, fixes its amount, and that is the end of the matter. If the tax be not paid, the property of the delinquent may be sold, and he be thus deprived of his property. Yet there can be no question that the proceeding is due process of law, as there is no inquiry into the weight of evidence, or other element of a judicial nature, and nothing could be changed by hearing the taxpayer. No right of his is, therefore, invaded."

In his brief, counsel for appellant suggests that the statute is repugnant to the provisions of section 2, Article III, of our state Constitution; but in the absence of something more specific, we are utterly unable to appreciate the force of the suggestion or to discover the remotest relationship between those provisions and the subject matter under consideration.

The statute does not apply to paupers, insane persons, Indians [3] not taxed, or to persons under twenty-one or over sixty years of age. Another statute (sec. 1068, Rev. Codes) specifically exempts members of the organized militia. Because of this lack of uniformity it is urged that these statutes conflict with section 6, Article XII, which provides: ''No county, city, town or other municipal corporation, the inhabitants thereof nor the property therein, shall be released or discharged from their or its proportionate share of state taxes.'' In the first place, appellant cannot raise the question of the authority of the state to exempt members of the organized militia from the payment of this so-called tax. Appellant is not a member of the national guard and is not affected by the exemption. His contribution is not increased in amount by reason of the exemption, and would not be diminished in amount if every member of the organized militia contributed. The validity of section 1068 is not in issue, here, for it is an elementary rule that one who is not affected by a statute will not be heard to question it. (*State ex rel. Holliday* v. *O'Leary,* 43 Mont. 157, 115 Pac. 204.)

Section 6, Article XII, refers only to state taxes levied for [4] the support of the state government, and not to taxes imposed for county or local purposes. No part of this so-called poll tax is devoted to maintaining the state, within the meaning of section 6 above.

The statute (secs. 2692–2714) is not open to the objections urged against it for the stronger reason. While in terms it designates the imposition a "poll tax," the name itself is of no significance. A different designation might have been more [5, 6] appropriate; but in any event, courts look beyond the

mere form of expression to the object and purpose of the legislation. This so-called tax is imposed for and applied to a single purpose—the care of the county poor. (Sec. 2714.) It will scarcely be questioned that the state, in the exercise of its police power, can care for its poor, sick and infirm who are public charges, or delegate the power to do so to the several counties, its political subdivisions. Enlightened civilization imposes this duty upon every community, but in this state the duty is made imperative by the Constitution itself. Section 5, Article X: "The several counties of the state shall provide as may be prescribed by law for those inhabitants who, by reason of age, infirmity or misfortune, may have claims upon the sympathy and aid of society."

The statute now under consideration is nothing more nor less than a police regulation designed to carry into effect the will of the people expressed in the constitutional provision quoted above. It is analogous to a so-called road poll tax exacted for the maintenance of the public highways, and the authorities are practically unanimous in holding that such an exaction is not a tax as the term is used in the Constitution and in revenue measures generally. It is not subject to the uniformity rule or to other restrictions which hedge about measures relating to taxation. (*Salt Lake City* v. *Wilson* (Utah), 148 Pac. 1104; *State* v. *Rayburn*, 2 Okl. Cr. 413, 101 Pac. 1029, Ann. Cas. 1912A, 733, and note, 22 L. R. A. (n. s.) 1067; see, also, *Tekoa* v. *Reilly*, 47 Wash. 202, 13 L. R. A. (n. s.) 901, 91 Pac. 769; *Short* v. *State*, 80 Md. 392, 29 L. R. A. 404, 31 Atl. 322; *Elting* v. *Hickman*, 172 Mo. 237, 72 S. W. 700; *Fairbault* v. *Misener*, 20 Minn. 396; *Shane* v. *City of Hutchinson*, 88 Kan. 188, 127 Pac. 606.)

It is competent for the legislature to provide for securing [7] these poor funds through the instrumentalities designated in the statute, and the assessor, in performing his allotted duty in this behalf, is not a collector of taxes, and the decision of this court in *Mutual Life Ins. Co.* v. *Martien*, 27 Mont. 437,

·71 Pac. 470, has no application to the state of facts exhibited by this record.

The judgment is affirmed.

*Affirmed.*

Mr. Justice Sanner concurs.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.

