STANDARD OIL COMPANY OF CALIFORNIA, RESPONDENT, v. IDAHO COMMUNITY OIL CO. ET AL., APPELLANTS; STATE OF MONTANA, INTERVENER AND APPELLANT.

(No. 7,115.)

(Submitted October 7, 1933. Decided November 25, 1933.)

[27 Pac. (2d) 173.]

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. C. F. Morris,* Assistant Attorney General, for Appellant State of Montana, submitted an original and a supplemental brief; *Mr. Morris* argued the cause orally.

*Mr. John K. Claxton,* for Appellant John Sampson, Receiver of Idaho Community Oil Company, submitted a brief.

414

*Mr. Paris Martin,* of the Bar of the State of Idaho, and *Mr. J. A. Poore,* for Respondent, submitted a brief; *Mr. Poore* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action against defendant Idaho Community Oil Company to foreclose a mortgage covering both real and personal property. The mortgage covered property in Montana and Idaho. The state of Montana was permitted to intervene. It was shown to have liens covering part of the same property accruing under Chapter 175, Laws of 1929, but which were subsequent in point of time to plaintiff's mortgage. The state contends that the mortgage was, and is, invalid as to it because it did not contain an affidavit of good faith on the part of the mortgagee. The court found against the state on this point, and it appealed.

The controlling statute is section 8273, Revised Codes of 1921, as amended by Chapter 39, Laws of 1927, which provides that: "All mortgages, deeds of trust, or assignments for the benefit of creditors, of both real and personal property, executed by a corporation, are governed by the law relating to mortgages, or deeds of trust of real property and must be recorded in the office of the county clerk of every county where any part of said property is situated, and the same are valid, notwithstanding the possession of such property is retained by such corporation, but any such mortgages, deeds of trust, or assignments for the benefit of creditors must be accompanied by the affidavit of good faith required to accompany mortgages of personal property, which said affidavit may be made on behalf of any such corporation by the President, Secretary or Managing Agent thereof." This statute was amended by Chapter 11, Laws of 1931; but since the mortgage here involved was executed prior to this amendment, it must be governed by Chapter 39, Laws of 1927.

The statute providing for the affidavit of good faith to accompany chattel mortgages is section 8276, Revised Codes 1921.

So far as material here, it provides that: "A mortgage of personal property must * * * have attached thereto the affidavit of the mortgagee, his agent, attorney, or other representative, that the same is made in good faith to secure the amount named therein, and without any design to hinder, delay, or defraud creditors; and where there are two or more mortgagees named in a mortgage, whether copartners or otherwise, any one of said mortgagees may make such affidavit on behalf of all the mortgagees named therein. * * * "

The mortgage sought to be foreclosed by plaintiff is accompanied by an affidavit of the mortgagor, but not of the mortgagee. Plaintiff contends that section 8273, as amended, supra, is complied with by accompanying the mortgage with an affidavit of good faith by the mortgagor. Its position is that the words of the statute, "but any such mortgages * * * must be accompanied by the affidavit of good faith required to accompany mortgages of personal property," have reference merely to the form and contents of the affidavit, and not to the person by whom executed, and that the words of the statute, "which said affidavit may be made on behalf of any such corporation by the President, Secretary, or Managing Agent thereof," constitute an express authorization for the mortgagor corporation to execute the affidavit, since the statute deals only with mortgages made by corporations, and that the word "such" in the last-quoted clause has reference to the mortgagor corporation.

Intervener contends that in order to comply with the statute, there must be an affidavit of good faith executed by the mortgagee.

If Chapter 39, Laws of 1927, were to be read in conjunction with section 8276, without reference to their history, there would be much force in plaintiff's contention; but when the history of the two statutes is considered, plaintiff's position is untenable. They were both enacted in 1895. The one corresponding to section 8273 is section 3849 of the 1895 Civil Code. It provided that a mortgage such as we are dealing with here must be accompanied "by the affidavit specified in Section

3861." Section 3861 of the 1895 Civil Code, which corresponds to section 8276, Revised Codes of 1921, required the affidavit of all the parties to the mortgage. Section 3849 also contained the statement, "and which said affidavit may be made on behalf of any such company or corporation by the president, secretary or managing agent thereof." Without change these sections became sections 5756 and 5758, respectively, of the Revised Codes of 1907.

By Chapter 86, Laws of 1913, section 5758 was repealed, and in lieu thereof, there was enacted a provision whereby a chattel mortgage was required to have the affidavit of the mortgagee only. This has been the law ever since. Chapter 86, Laws of 1913, with amendments made by Chapter 183, Laws of 1919, which are immaterial here, became section 8276 of the Revised Codes of 1921.

The first change in section 3849 of the 1895 Civil Code came by Chapter 72, Laws of 1921, which became section 8273 of the 1921 Codes, and which, instead of providing that such mortgages shall be governed by the law relating to mortgages of real property, provided that they should be governed by the law relating to mortgages of personal property, and instead of referring to the chattel mortgage statute by number, contained the clause now found in Chapter 39, Laws of 1927, to the effect that the mortgage must be accompanied by the affidavit of good faith required to accompany mortgages of personal property. By Chapter 39, Laws of 1927, the statute (sec. 8273) was again changed so that such mortgages should be governed by the law relating to mortgages of real property.

We think it is plain that under section 3849 of the 1895 Civil Code the legislature intended that a mortgage made by a corporation covering both real and personal property should contain the affidavit of both the mortgagor and mortgagee, as provided for by section 3861, which was referred to by number. The last clause in the Act, reading, "and which said affidavit may be made on behalf of any such company or corporation by the president, secretary or managing agent thereof," was simply a direction as to what officers might make the affidavit on behalf

of the corporation. To sustain plaintiff's position we must now give this last clause a different meaning from what it had when first enacted. If plaintiff's contention is sound, this clause must now be construed as a direction as to what party to the mortgage must make the affidavit of good faith. This we cannot do under well-recognized rules of statutory construction.

The amendment of section 3861 by Chapter 86, Laws of 1913, requiring an affidavit by the mortgagee only, obviously could not enlarge the meaning of the last clause of section 3849 so as to make it controlling as to what party to the mortgage should make the affidavit. The amendment of section 3861 did not affect the last clause of section 3849 whatsoever, except to render it inoperative, so far as it applied to the mortgagor corporation, since under the amendment of section 3861 the mortgagor was no longer required to make the affidavit. Also, the subsequent amendments of section 3849, which carried along the last clause unchanged, did not affect its meaning or enlarge its scope, but simply continued that part of the statute in force in its original sense. (Sec. 93, Rev. Codes 1921; *Snidow* v. *Home for the Aged,* 88 Mont. 337, 292 Pac. 722; *State* v. *Yale Oil Corp.,* 88 Mont. 506, 295 Pac. 255.) Now, as originally, it directs what officers of the corporation may make the affidavit on behalf of the corporation, and not what party to the mortgage shall make it. The fact that because of the amendment of section 3861 the clause is rendered meaningless, since the mortgagor is no longer required to make the affidavit of good faith, does not warrant us in giving to it a meaning different from that which it had originally, nor in holding that it now controls as to what party to the mortgage must make the affidavit, particularly where, as here, the other portions of the same statute as amended plainly reveal the legislative intent that other portions of the statute now, as originally, control as to what party to the mortgage shall make the affidavit.

The plain provisions of section 8273 to the effect that a mortgage of both real and personal property executed by a corporation "must be accompanied by the affidavit of good

faith required to accompany mortgages of personal property,'' constitute an adoption of the chattel mortgage law by reference (compare *Gustafson* v. *Hammond Irr. Dist.*, 87 Mont. 217, 287 Pac. 640), and require that the affidavit be made by the mortgagee, for it is his affidavit that must accompany a mortgage of personal property. (Sec. 8276, supra.)

The mortgage not being accompanied by the affidavit of good faith required to accompany mortgages of personal property, it remains to determine the effect of the omission of the affidavit. The state contends that it renders the mortgage invalid. This court has so held when dealing with a chattel mortgage. (*First National Bank of Butte* v. *Beley*, 32 Mont. 291, 80 Pac. 256; and compare *Doering* v. *Selby*, 75 Mont. 416, 244 Pac. 485.)

Section 8273 was enacted to permit corporations to execute mortgages of both real and personal property in one instrument. As amended in 1927, which was the law in effect when the mortgage was made, it specifically provides that they should be governed by the law relating to mortgages of real property. The requirement of the affidavit of good faith on the part of the mortgagee was simply for the purpose of making that part of the mortgage dealing with personal property, and as to which there was no change of possession from the mortgagor to the mortgagee, conform with the general law relating to chattel mortgages. The section as a whole bears evidence of the legislative intent that the requirement of the affidavit of good faith was on account of the fact that the mortgage contained personal property.

The affidavit adds nothing to the validity of the mortgage ▮ in so far as it deals with real estate. A mortgage may be valid in part and invalid in part. (Jones on Mortgages, 8th ed., sec. 763.) Such, we think, is the case here. The omission of the proper affidavit rendered the mortgage invalid only so far as it covers personal property. The mortgage was properly recorded and should be upheld as to the real estate covered by it. (Compare *Lavillebeuvre* v. *Frederic's Heirs*, 20 La.

Ann. 374.) The judgment, so far as it affects the state, must be modified accordingly.

In addition to the appeal by the state, defendant John Sampson, as receiver of the Idaho Community Oil Company, also appealed from the judgment. From the record it appears that Sampson was appointed receiver of the defendant company by the district court of Silver Bow county at the instance of a judgment creditor of defendant company after execution had been returned unsatisfied. The judgment in favor of the creditor was entered on January 21, 1931, and after the mortgage referred to in the complaint had been executed and after most of the liens of the state of Montana had accrued under Chapter 19, Laws of 1927. The judgment constituted a lien upon real property only but not on personal property. (Secs. 9410, 9413, Rev. Codes 1921.)

Plaintiff contends that the appointment of the receiver was void on the face of the record. In the view we take of the case, it is not necessary to determine whether his appointment was valid. Counsel for the receiver raises the same question regarding the validity of the mortgage as was raised by the state. Assuming, without deciding, that he may raise the question—the mortgage being valid between the parties thereto—it is sufficient to say that what has already been said on the subject of the validity of the mortgage has equal application here.

The receiver also argues that the complaint is insufficient because it does not allege that the note sued upon was delivered to plaintiff. The complaint alleges that the note was executed, and that the mortgage given to secure its payment was executed and delivered. The mortgage which was made a part of the complaint, contains a copy of the note and recites that the note was "of even date herewith executed and delivered" to the mortgagee by the mortgagor. The complaint also alleges that plaintiff is the owner and holder of the note. The note and mortgage between the same parties must be taken as one transaction. (*Cornish* v. *Woolverton*, 32 Mont. 456, 81 Pac. 4, 108 Am. St. Rep. 598.) The complaint is not vulnerable to the attack made upon it.

It is next contended by the receiver that plaintiff did not prove the due execution and delivery of the mortgage or the amount unpaid. It is claimed by him that there is no proof that the mortgage was executed by one having authority to do so. The record shows that the mortgage was executed and acknowledged by the president and secretary of the defendant corporation, with the corporate seal attached. The execution of the mortgage in this manner constitutes prima facie evidence that the officers signing were duly authorized to execute the instrument. (*Alley* v. *Butte & Western Min. Co.,* 77 Mont. 477, 251 Pac. 517.) Additionally, it was shown that at the time of the execution of the note and mortgage there was delivered to the payee of the note a certified copy of a resolution of the board of directors of the defendant company, authorizing the execution and delivery of the note and mortgage. There was proof of the Idaho laws showing that in that state the board of directors conduct the business of a corporation there organized, and that such a corporation has power to mortgage and convey real and personal property. The proof was ample to show that the officers of the corporation who executed the note and mortgage, had authority to do so. There was ample proof, also, to sustain the finding of the court as to the balance due on the note.

During the trial it developed that there had been commenced and prosecuted to judgment an action in the state of Idaho to foreclose the mortgage as to property there situated. The proceeds of the sale of the property in that state were first applied to an open account amounting to $6,615.31, and the balance of $4,609.29 obtained from the sale was applied on the note. Both mortgaged and unmortgaged property was sold at that sale. The judgment in Idaho was entered after the institution of this action. It was not pleaded as a bar to this action. The contents of the judgment are not made to appear here. Under the circumstances we must assume that the Idaho decree had no effect upon the lands and property situated in this state, for ordinarily a decree of foreclosure in one state has no effect on land situated in another (42 C. J. 27; 19

R. C. L. 525), and that the mortgage remains enforceable as to the property in this state. (Jones on Mortgages, 8th ed., vol. 3, sec. 2152.)

Other specifications of error have been considered by us and have been found to be without merit. The cause is remanded to the district court, with directions to modify the judgment so as to declare plaintiff's mortgage superior to the lien of the state only as it covers the real estate described therein, and that the lien of the state on the personal property is superior to plaintiff's mortgage. The state shall recover its costs from plaintiff on this appeal.

MR. JUSTICE STEWART concurs.

MR. CHIEF JUSTICE CALLAWAY: I concur in the result. In my judgment section 93, Revised Codes of 1921, has not any application to the problem of statutory construction presented. The question is one of legislative intention, and it seems to me that the most reasonable interpretation of Chapter 39, Laws of 1927, when the history of section 8273, Revised Codes of 1921, which it amends, and that of section 8276, to which it refers, is considered, compels the conclusion that the affidavit of good faith, which must accompany a mortgage executed by a corporation, must be made by the mortgagee, as is required by the provisions of section 8276.

MR. JUSTICE MATTHEWS: I concur in the result but not in the reasoning by which it is reached.

As demonstrated, the final clause of Chapter 39, Laws of 1927, has been unchanged from the time when the law required all parties to a chattel mortgage to make the affidavit of good faith. Originally, therefore, the Act was unambiguous, but when we read into Chapter 39 the requirement of section 8276, as we must, it is ambiguous and requires construction. We are not, however, aided in its construction by invoking section 93, Revised Codes of 1921, for the following reasons:

Throughout its existence, the Act, now Chapter 39, has merely required that the mortgage shall be "accompanied by the affi-

davit of good faith required to accompany mortgages of personal property.'' While the Act, by reference, required that all parties to the mortgage must make the affidavit, it was proper to declare therein who should make the affidavit on behalf of the corporation making the mortgage. But when the legislature in 1913 repealed the provision relating to chattel mortgages and in lieu thereof provided that the affidavit of the mortgagee alone must be attached to the mortgage, the new provision was substituted for the old as a part, by reference, of section 5756, Revised Codes of 1907. By the repeal of section 5758 the requirement that the mortgagor should join in the affidavit of good faith was blotted out and became as though it had never been enacted (*Westchester Fire Ins. Co.* v. *Sullivan,* 45 Mont. 18, 121 Pac. 472), and thereafter the provision as to how a nonexistent affidavit by the mortgagor should be made, was meaningless.

Had there been a close check of these sections at the time the Codes were recodified in 1921, this final clause undoubtedly would have been eliminated from section 5756, above, before, by legislative action, that section was carried forward as section 8273, Revised Codes of 1921. However, whatever may have been the effect of the adoption of the Codes with this clause left in the section, at least by its re-enactment as a part of Chapter 39, above, it is now a component part of the Act by legislative declaration, and not because it is "to be considered as having been the law" from the time section 3849 of the Civil Code of 1895 was enacted.

The rules of construction applicable are those governing in the construction of Acts of the legislature, rather than amendments thereto. Construing Chapter 39, we are to give effect to every word and phrase therein, if it is possible to do so. (*City of Butte* v. *Industrial Acc. Board,* 52 Mont. 75, 156 Pac. 130.) In order to give effect to the final clause of the Act, we must hold that the legislature has authorized the designated officers of the mortgagor to make the affidavit for the mortgagee, which would be absurd, or that the Act impliedly requires all parties to the mortgage to join in the affidavit, which require-

ment has been expressly repealed, or adopt the contention advanced that the requirement of the statute is merely that the affidavit shall be in the *form* of the affidavit which must be attached to a chattel mortgage and is to be made by the mortgagor.

In order to solve the question, we must resort to the paramount rule of construction of statutes, i. e., that the intention of the legislature must be ascertained, if possible, and when ascertained, must be given effect. Courts are not justified in adopting a construction which will defeat the manifest intention of the legislature. (*State ex rel. Board of County Commrs.* v. *District Court,* 62 Mont. 275, 204 Pac. 600; *Pohl* v. *Chicago etc. R. Co.,* 52 Mont. 572, 160 Pac. 515; *Wilkinson* v. *La Combe,* 59 Mont. 518, 197 Pac. 836; *Sullivan* v. *City of Butte,* 65 Mont. 495, 211 Pac. 301.) The history of the legislation must be looked to in order to determine whether or not the legislature intended what it said. (*Melzner* v. *Northern Pacific Ry. Co.,* 46 Mont. 162, 127 Pac. 146.)

Now, section 8276, Revised Codes of 1921, to which Chapter 39 refers, does not prescribe the *form* of affidavit to be attached to a chattel mortgage, but declares that the mortgagee must make an affidavit of good faith, and when the history of the Act—now Chapter 39, Laws of 1927—is considered, it is clear that the troublesome final clause has been inadvertently carried forward without regard to the change wrought in the law. The clear intention of the legislature in enacting Chapter 39 is to make plain the requirement that the mortgage shall be recorded as a mortgage on real property, but shall be accompanied by "the affidavit of good faith required" to be attached to a chattel mortgage, i. e., the affidavit of good faith made by the mortgagee. Had the legislature intended to provide that, as to this class of mortgages, the affidavit must be similar to that attached to a chattel mortgage, but made by the mortgagor, it would undoubtedly have said so. The mere permissive language, inadvertently included in the Act, cannot be given that effect, as to do so would be to do violence to the plain intention of the legislature.

Having ascertained and given effect to the intention of the legislature, it is clear that the final clause of the Act is meaningless and it is impossible to give it effect.

MR. JUSTICE ANDERSON: I dissent. I am unable to agree with the result of the majority of the court in this case, or in the reasoning advanced in any of the opinions concurring therein.

I agree with the statement in the special concurring opinion of Mr. Justice Matthews that the paramount rule of construction of statutes is the intention of the legislature, and when it has been ascertained, it must be given effect.

Every part of the statute must be made operative if it is possible to do so. (*In re McLure's Estate*, 68 Mont. 556, 220 Pac. 527; *City of Billings* v. *Public Service Commission*, 67 Mont. 29, 214 Pac. 608; *Daley* v. *Torrey*, 71 Mont. 516, 230 Pac. 782; *Stange* v. *Esval*, 67 Mont. 301, 215 Pac. 807.) Statutes must be so construed that no word therein is to be considered meaningless if such a construction can be reasonably found that will give it effect. (*In re McLure's Estate*, supra; *Daley* v. *Torrey*, supra; *State ex rel. Foot* v. *District Court*, 77 Mont. 290, 250 Pac. 973, 49 A. L. R. 398; *Mid-Northern Oil Co.* v. *Walker*, 65 Mont. 414, 211 Pac. 353; *State* v. *Mason*, 62 Mont. 180, 104 Pac. 358; *Dosen* v. *East Butte C. Min. Co.*, 78 Mont. 579, 254 Pac. 880.) This is said to be an elementary rule of statutory construction. (*In re McLure's Estate*, supra; *State ex rel. Smith* v. *Duncan*, 55 Mont. 376, 177 Pac. 248; *State ex rel. Koefod* v. *Board of Commrs.*, 56 Mont. 355, 185 Pac. 147.)

The rule referred to above is grounded on the presumption that the legislature did not use words without meaning. (*State ex rel. Smith* v. *Duncan*, supra.) The court construing a statute has to determine the legislative intent from the language employed (*McNair* v. *School District*, 87 Mont. 423, 288 Pac. 188, 69 A. L. R. 866), before referring to the other rules of construction. (*Great Northern Utilities Co.* v. *Public Service Commission*, 88 Mont. 180, 293 Pac. 294.)

In the case of *State ex rel. Murray* v. *Walker*, 64 Mont. 215, 210 Pac. 90, 92, this court said: "While it is a general rule that

it is the duty of this court to ascertain the intention of the legislature, if possible, and construe the Act with reference to that intention, it is equally true that the intention must be gathered from the language employéd by the lawmakers and not from street rumors." A supposed unexpressed intention of the legislature cannot override the clear import of the language employed. (*Equitable Life Assur. Co.* v. *Hart*, 55 Mont. 76, 173 Pac. 1062.)

To adopt the construction of section 8273, as amended by Chapter 39 of the Laws of 1927, namely, that it was the intention of the legislature to have the law with reference to the affidavit of good faith required to be appended to chattel mortgages apply to the extent that the affidavit is to be made by the mortgagee, is to render the words "such corporation" meaningless, in the light of another recognized rule of statutory construction.

The only corporation referred to in the section is the mortgagor. A relative clause must be construed to relate to the nearest antecedent that will make sense. (*State* v. *Centennial Brewing Co.*, 55 Mont. 500, 179 Pac. 296; *Cobban Realty Co.* v. *Chicago etc. R. Co.*, 58 Mont. 188, 190 Pac. 988; *State ex rel. Hinz* v. *Moody*, 71 Mont. 473, 230 Pac. 575.)

The only possible construction of the section to be adopted which will not render the words "such corporation" meaningless, and hence in violation of the well-recognized rules stated above, is that the legislature intended that the affidavit of good faith should be in the form of the affidavit appended to a chattel mortgage but executed by the mortgagor corporation.

The question here is not in any way affected by the provisions of section 93, Revised Codes of 1921. That section provides only that when a section, or part of a statute, is amended, the portions which are not altered are to be considered as having been the law from the time when they were enacted, which has the effect of preventing there being between the time of the demise of the old law and the birth of the new, an infinitesimal period of time during which there was no law on the subject, and also preventing the loss of rights and privileges

acquired under the law prior to the amendment but which might be lost or affected if the old law were to be considered repealed. It is a familiar rule of statutory construction that the re-enactment of the unchanged portion of a law so amended does not affect its meaning or enlarge its scope, subject, however, to the exception of clearly ascertainable legislative intent to the contrary. (*Snidow* v. *Montana Home for the Aged,* 88 Mont. 337, 292 Pac. 722.)

The legislature retained the words "such corporation" in the amended Act, and while it may be that under the 1895 Act in the original Codes those words were limited to the meaning, namely, that the entire last clause related only to the officers of the corporation who might execute the affidavit, when the amendment in its present form was made, the legislature retained the quoted words, and they must be construed in the light of the amendment and given effect, if possible. To say they retain the meaning originally ascribed to them is to render them meaningless; on the other hand, to assert that the provision of the chattel mortgage laws with reference to the execution of affidavits of good faith applies to the extent that the mortgagee must make the affidavit, likewise renders them meaningless.

As demonstrated above, a construction can be adopted whereby these words are given a reasonable meaning which is not in contravention of any expressed intention of the legislature as found in either the section under consideration or the sections of the chattel mortgage law incorporated therein by reference. Hence I conclude that the mortgagor corporation should make the affidavit of good faith through the medium of one of the officers thereof mentioned in the section. Therefore the mortgage in question is valid and the judgment should be affirmed.