## KENT vs. AGARD and others.

*Evidence in ejectment.*

Parol proof that a deed absolute on its face is in fact a mortgage, is admissible in *ejectment* by one claiming under the grantor against one claiming under the grantee's heirs.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. Plaintiff showed title in one Cown in 1848; mortgage from Cown to him in 1859; foreclosure of the mortgage, and referee's deed to him, in 1865. He then introduced a deed of the premises, absolute on its face, executed by Cown to one Lasley, June 12, 1849, recorded as a deed on the day of its date; and offered to show, by the testimony of said Cown, that said deed was given as a security for an indorsement by Lasley of Cown's note; that said note had been paid in full by Cown before June, 1854; that in the month last mentioned Lasley died; and that in June, 1856, the administrators of Lasley's estate, by an instrument under seal and duly recorded in said county, made by order of the proper probate court, after proof taken of the facts, acknowledged full satisfaction of said mortgage, and released and reconveyed the premises to said Cown; but the evidence was rejected; and, it being admitted that

defendants were in possession under the heirs of Lasley, the plaintiff was nonsuited. From this judgment he appealed.

*Gabe Bouck*, for appellant, to the point that parol evidence is admissible *in actions at law*, to show that a deed absolute on its face was in fact a mortgage, cited *Champlain v. Butler*, 18 Johns. 169 ; *Gilchrist v. Cunningham*, 8 Wend. 641; *Roach v. Cosine*, 9 id. 227 ; *Walton v. Cronly*, 14 id. 63 ; *Swart v. Service*, 21 id. 36 ; *Ring v. Franklin*, 2 Hall, 1 ; *Webb v. Rice*, 1 Hill, 606 ; *Despard v. Walbridge*, 15 N. Y. 374; *Chester v. Bank of Kingston*, 16 id. 343 ; Willard on R. E. 113 ; *Pierce v. Robinson*, 13 Cal. 116 ; *People v. Irwin*, 14 id. 428 ; *Johnson v. Sherman*, 15 id. 287 ; *Cunningham v. Hawkins*, 27 id. 603 ; *Blanchard v. Fearing*, 4 Allen, 118 ; *Howard v. Odell*, 1 id. 85 ; *Hazard v. Loring*, 10 Cush. 267 ; *Couch v. Sutton*, 1 Grant's Cases, 114 ; *Pattison v. Horn*, id. 301 ; *Reitenbaugh v. Ludwick*, 31 Pa. St. 131 ; *Tillson v. Moulton*, 23 Ill. 648 ; *Seighman v. Marshal*, 17 Md. 550 ; *Summers v. U. S. Ins. Co.*, 13 La. An. 504; *Connor v. Carpenter*, 28 Vt. 237 ; *Hopkins v. Watts*, 27 Ga. 490 ; *Horne v. Prickett*, 22 Tex. 201 ; *Jones v. Jones*, 1 Head, 105 ; *Guinn v. Locke*, id. 110. As soon as the amount due on the mortgage is paid, or tendered, the mortgage ceases to be a lien, and no reconveyance is necessary. *Kortright v. Cady*, 21 N. Y. 343 ; *Kellogg v. Ames*, 41 Barb. 218.

*Moses Hooper*, for respondents, contended that, if plaintiff wished to show that the deed to Lasley was in fact a mortgage, he must proceed in equity. *Plato v. Roe*, 14 Wis. 457, 458 ; *Gillett v. Eaton*, 6 id. 39 ; *Gillett v. Treganza*, 13 id. 475–477 ; *Eaton v. Smith*, 19 id. 350. Such a deed, though intended as a mortgage, in fact carries the fee. In law, it was and is indefeasible. It is voidable only in equity. *Rasdall v. Rasdall*, 9 Wis. 392 ; 14 id. 456 ; *Baird v. Kirtland*, 8 Ohio, 21 ; 3 L. C. in Eq. 624–627. The *defendant* in ejectment may *set up*

as a defense, and may then show, that a deed through which plaintiff claims is a paid-up mortgage; but this is only by virtue of a special statute (sec. 7, ch. 141, R. S.); and in this case the mode of trial is expressly provided for. Sec. 6, ch. 132, R. S.  2. Ejectment is here a special statutory action, and must be prosecuted in the manner directed by statute. R. S. ch. 141, sec. 4; *Allie v. Schmitz,* 17 Wis. 169. Otherwise, what was the use of sec. 7, ch. 141, all that can be attained by it being fully provided for in the case of other actions by sec. 12, ch. 125?  3. In ejectment, the only proper parties defendant are those in actual possession (R. S. ch. 141, sec. 3, and ch. 91, sec. 18); but when the issue in fact is the equitable character of the conveyance under which the landlord of the party in possession holds, such landlord, and those through whom he claims, are necessary parties.  4. In ejectment, costs go against defendant, if plaintiff recovers. If one takes a lease from a landlord who has a perfect record title, and goes into possession, can he be put out and compelled to pay costs because one of the deeds through which his landlord claims is a paid-up mortgage? If plaintiff be required to perfect his title in equity, the landlord, being a necessary defendant, is the party to pay costs, if his conveyances prove voidable.  5. If the question of the validity of Cown's deed to Lasley could be litigated in ejectment at all, it should have been stated as a separate cause of action. *Phillips v. Gorham,* 17 N. Y. 270.

PAINE, J.  The plaintiff should have been allowed to show by parol that the absolute deed given by Cown to Lasley was intended as a mere security, and was consequently only a mortgage. That this may be done in some form of action, is not contested. And I can see no reason why it may not be done in an action to recover the possession of real estate. When the facts are proved, such a deed is a mortgage only, both at law and in

Kent vs. Agard and others.

equity.   The rights of the mortgagor and mortgagee are precisely the same as though the defeasance were contained in the deed itself.   The only difference is in the manner of proving the defeasance.

· It may well be that where the grantee in such an absolute deed dies, his executors or administrators could not conclude his heirs by admitting the deed to be a mere mortgage, and by releasing it as such.   The heirs may be entitled to a trial upon the fact, if they choose to contest it.   But that trial may as well be in an action of ejectment as in any other.   If the deed was in fact only a mortgage, then the indebtedness secured by it was properly paid to the administrators; and, on proof of the fact by parol, their release takes effect, and shows that the mortgage was extinguished, and constituted no obstacle to the plaintiff's recovery upon his legal title.

Indeed, it seems difficult to imagine any other action by which the plaintiff could bring the question to trial. If he should bring an equitable action, and ask to have the deed declared a mortgage, it would seem to be a sufficient answer to tell him that if it was a mortgage in fact, he could prove it in an action at law, and it would then have only the effect of a mortgage.   The authorities cited by the appellant show that such evidence is admissible in both classes of actions.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial.