## JOHN CAPLICE CO., APPELLANT, *v.* BEAUCHAMP ET AL., RESPONDENTS.

[No. 1,048.]

[Submitted February 23, 1899. Decided March 6, 1899.]

### Chattel Mortgages—Bona Fide Purchasers.

A bona fide subpurchaser of chattels takes free from the lien of an unrecorded mortgage, though the first purchaser had notice.

*Appeal from District Court, Jefferson County; Frank Showers, Judge.*

ACTION by the John Caplice Company against M. Beauchamp and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*F. W. Bacorn,* for Appellant.

*W. L. Hay* and *Geo. F. Cowan,* for Respondents.

**HUNT, J.**—Claim and delivery for six carloads of wood, of the alleged value of $200. By stipulation, defendant the Northern Pacific Railroad Company did not appear. Defendant Beauchamp, after denying plaintiff's ownership and right of possession, alleged ownership and right of possession in himself. Verdict and judgment for defendant. Plaintiff's motion for new trial denied. Plaintiff appeals.

Plaintiff and one Hiram Nelson had a contract, under date of December 10, 1894, by which plaintiff leased to Nelson certain property, consisting of cabins, wood flumes, teams, etc., in Jefferson county. In consideration of this lease, Nelson agreed to bank certain cord wood for the Caplice Company, and to deliver to it not less than 10,000 cords of wood, at not less than $2.25 per cord, and that the Caplice Company should have a lien on all wood cut. That agreement was to continue for 12 months after date thereof. It was sworn to and acknowledged as required by the chattel mortgage statutes then in force. On April 6, 1896, another agreement was made between the same parties, incorporating the aforementioned contract in the new agreement, and providing that the Caplice Company should do the hauling and fluming of cord wood cut by Nelson, and load the same on the cars, allowing Nelson $2.25 per cord; and after deducting costs of hauling, fluming, loading, and any moneys due to the Caplice Company by Nelson, the balance, if any, was to be paid to Nelson. This agreement was signed by the parties, but not verified or acknowledged.

Plaintiff's evidence was that Nelson cut a quantity of wood under the first contract, but that plaintiff took possession of the same when the second contract referred to was made, and that plaintiff's agent was in charge when defendant Beauchamp took the particular wood in controversy; that the agent of plaintiff took charge by personally going to where the wood was; and that he had notified several persons (other than defendant, however,) not to touch the wood, telling them whose property it was.

Defendant's evidence was that Hiram Nelson cut the wood,

but that defendant bought it from Mrs. Nelson, Hiram's wife, and paid her $144, on May 18th, by taking the wood for a pre-existing debt, in part, and payment to the men for the balance due for it; that Nelson had left that vicinity in the spring; that Mrs. Nelson was in continual possession of the wood after Nelson left, and that plaintiff's agent had nothing to do with it; that the defendant had been employed by Mrs. Nelson to load and watch the wood, and had worked for her for some time previous; that defendant was given a bill of sale for the wood, executed and delivered by Mrs. Nelson to him on May 18th; that Mrs. Nelson bought the wood from her husband on account of money loaned to him and labor performed for him for six years before her marriage; that her husband had delivered the wood to her on May 7th, and had given her a bill of sale for it dated April 28, 1896; and that she knew of the contracts between her husband and the plaintiff, but that defendant Beauchamp did not.

Plaintiff says that this evidence was insufficient to sustain the verdict in defendant's favor, because: (1) it does not show that Mrs. Nelson had any right or title to the wood in controversy, or was in possession thereof, or (2) that defendant was a *bona fide* purchaser for value, and (3) because it conclusively appears that plaintiff was the owner of the wood, and actually took and retained the possession to which it was entitled, until unlawfully deprived thereof. Plaintiff errs in its contention. There is evidence to show that Mrs. Nelson bought the wood from her husband, taking it in payment of an account for money loaned to him by her and for wages due her, all before her marriage. There is also evidence to show that she had the actual, exclusive possession and control of the wood after her husband left that vicinity, and subsequent to his sale to her, and that she kept such exclusive possession until she sold to Beauchamp, this defendant. Regarding the contracts between plaintiff and Nelson as chattel mortgages, with the mortgagor, Nelson, remaining in possession until he sold to his wife, doubtless Mrs. Nelson, knowing of the lien of the Caplice Company, took the property included in the mortgage,

made after the Code of 1895 took effect, subject to the lien of the Caplice Company; but whether she did or not is immaterial in the consideration of appellant's first point, for she could acquire, and by her evidence she did acquire, all the right and title her husband had, and took actual possession from him.    This disposes of appellant's first point.

As to the second point:    Beauchamp knew nothing of the contracts between Nelson and plaintiff.    They were not of record; nor was the company in possession of the wood.    He was an innocent purchaser in good faith for value, under the evidence, and must be protected.    As a stranger to the unrecorded mortgage of Nelson to the Caplice Company, he took free from any lien upon the property in favor of the plaintiff company,—indeed, before the new Codes of 1895 went into effect, he would have been protected, even if he had had the knowledge that Nelson had mortgaged the property, because the mortgage had not been filed as required by law.    (*Milburn Manufacturing Co.* v. *Johnson*, 9 Mont. 537, 24 Pac. 17.)    That rule would not obtain now, though, for under Civil Code 1895, Sec. 3861, good faith is essential on the part of a subsequent purchaser and incumbrancer of personal property mortgaged, who assails the validity of a prior mortgage as against his rights.    Beauchamp established his good faith and lack of knowledge, actual or constructive; and having purchased for value from Mrs. Nelson, the general owner in possession, he took the wood discharged of any prior liens. (*Andrews* v. *Jenkins*, 39 Wis. 476; Ping. Chat. Mortg. Sec. 753; Cobbey, Chat. Mortg. Sec. 611.)    The case falls, too, within the principles stated in *Hull* v. *Diehl*, 21 Mont. 71, 52 Pac. 782.

As to the third point:    It does not conclusively appear that the Caplice Company owned the wood, or was entitled to possession of it, or actually took possession.    Nelson owned the wood under the contracts, and gave liens thereon.    If the Caplice Company had taken actual possession before Nelson sold, different rules might apply.    But the issue of possession was tried, and found against the company; and, there being

substantial evidence to support the verdict, we cannot now disturb it.

Plaintiff's appeal is without merit.   Judgment affirmed.

*Affirmed.*

BRANTLY, C. J., and PIGOTT, J., concur.