FOORMAN, RESPONDENT, *v.* BOLAND, APPELLANT.

(No. 4,262.)

(Submitted January 10, 1921. Decided February 14, 1921.)

[196 Pac. 147.]

*Chattel Mortgages — Foreclosure — Renewal Affidavit—Insuffi-
ciency — Matter of Defense — Purchases for Value — Liquor
Licenses—Renewal not Subject to Mortgage.*

Chattel Mortgages—Foreclosure—Renewal Affidavit—Matter of Defense.
    1.  In an action for foreclosure of a chattel mortgage insufficiency of
the affidavit of renewal was a matter of defense, to avail himself of
which defendant was obliged to show that he was an innocent pur-
chaser for value without notice.

Same—Purchaser for Value—Constructive Notice of Lien—Renewal Affi-
davit—Insufficiency—Not Defense.
    2.  A buyer of personal property covered by a chattel mortgage which
was then a valid, subsisting lien filed of record was chargeable with
notice of it, could not claim as an innocent purchaser for value, and
was in no position to defend on the ground that the affidavit of
renewal was insufficient.

Same—Privilege of Renewal of Liquor License—Not Subject to Mortgage.
    3.  *Held,* that the privilege of renewal of city and county liquor
licenses was not a property right in such sense as to be subject
to chattel mortgage.

*Appeal from District Court, Cascade County; J. B. Leslie,
Judge.*

ACTION by Carl T. Foorman against M. H. Weber, James
Boland and the American Brewing & Malting Company.
From an adverse judgment, James Boland appeals. Modified
and affirmed.

*Messrs. Coffey & Greene,* for Appellant, submitted a brief.

*Messrs. Freeman & Thelen,* for Respondent, submitted a
brief; *Mr. James W. Freeman* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This appeal is from a judgment decreeing foreclosure and
sale of certain personal property under chattel mortgage.

    2. On failure to renew chattel mortgage as affecting purchaser or encum-
brancer of property before lien of property has expired, see note in
47 L. R. A. (n. s.) 668.

Facts disclosed by the record are these: Respondent filed his complaint for the foreclosure of the mortgage in question against M. H. Weber and James Boland, the latter being the appellant herein, and the American Brewing & Malting Company, a corporation. The mortgage is dated April 24, 1914, was filed for record April 29, 1914, and affidavit of renewal was made May 1, 1916, and filed May 8, 1916. Respondent alleges in his complaint the execution of a note for the sum of $761.85 by the defendant M. H. Weber, and of a chattel mortgage, executed at the same time by Weber to secure the payment of the note, copy of which mortgage is attached to and made a part of the complaint by reference. Respondent alleges that the mortgage was duly filed for record in the office of the clerk and recorder of Teton county, Montana, and that thereafter affidavit of renewal of the same was duly filed by the respondent mortgagee. He further alleges that the appellant, James Boland, has, or claims to have, some interest or lien upon the mortgaged property which he claims to be superior to the interest of respondent. The property, as described in the mortgage, is as follows: ''One bar, one back bar, one cash register, one safe, one liquor case, one cigar case, linoleum now on floor, one table, four chairs, one county license and one city license and all renewals and continuations of said licenses and all new licenses issued in continuance thereof, and all wines, liquors, and cigars and stock in trade now in the building hereinafter described.''

The affidavit of renewal stated, among other things, that ''The amount of the debt or obligation named by said chattel mortgage justly owing at the time of *filing* this affidavit is $914.20; that said *mortgage debt* or obligation was neither made nor renewed to hinder, delay, or defraud the creditors or subsequent encumbrances [encumbrancers?] of the said mortgagor and mortgagee.''

Appellant, Boland, appeared by general demurrer. The demurrer was overruled. Thereupon appellant filed his answer, setting up as a defense that he is a subsequent purchaser in

good faith, for value, of the property described in the mortgage without notice thereof, and as such purchaser claims ownership, free from any lien or encumbrance of plaintiff's mortgage. Issue being joined, and default of the defendant M. H. Weber having been entered for his failure to appear, and the American Brewing & Malting Company, one of the defendants, having filed a disclaimer, the matter came on for trial on April 4, 1918, before the court without a jury; and, after hearing the evidence introduced on behalf of respondent and appellant Boland, the court made findings and rendered and entered judgment and decree of foreclosure in favor of the respondent, in part as follows: "The court * * * finds all of the allegations of the complaint to be true, that the plaintiff is entitled to the relief demanded, * * * and that the mortgage upon the chattels hereinafter described * * * ought to be foreclosed. It is therefore ordered, adjudged, and decreed that the equity of redemption of the said defendants and each of them and all persons claiming under, through, or from them or any of them in and to the said mortgaged property, to-wit, one bar, one back bar, one safe, one liquor case, one cigar case, one table, four chairs, one *city liquor license,* and one *county liquor license* now standing in the name of the defendant James Boland, said county liquor license having been issued to the said defendant James Boland by the county treasurer of the county of Teton and state of Montana, and the said city liquor license having been issued to the said defendant James Boland by the city treasurer of the city of Conrad, state of Montana, all of the foregoing property being in what is known as the Silver Dollar Saloon, and used in connection therewith, in the city of Conrad, state of Montana, be forever barred and foreclosed. In connection with the said last-mentioned county and city liquor licenses, the court finds that the said county and city liquor licenses are renewals and continuances of the said city and county liquor licenses, in force and in possession of the said M. H. Weber at the time of the execution of the said

chattel mortgage described in plaintiff's complaint, and are subject to the lien of plaintiff's said mortgage." The court further decreed that the lien of respondent's mortgage on all the property described is a first lien thereon, and that the rights of appellant Boland are inferior and subject to the lien of respondent's mortgage thereon. Boland alone appeals.

Five assignments of error are specified by the appellant, but only the first three thereof were urged in oral argument of the case or in the briefs of counsel, and it is therefore concluded that appellant has abandoned assignments 4 and 5.

The first assignment of error is that the court erred in overruling defendant's demurrer to the complaint, and the second and third assignments present but a single question, namely: Are city and county liquor licenses subject to mortgage beyond the period for which they were issued, although containing the privilege of renewal? Or, more succinctly stated, Is the privilege of renewal of such licenses subject to mortgage? These questions are by the court considered in the order presented.

The complaint is in ordinary form on foreclosure, and [1] clearly states a cause of action independent of the affidavit of renewal of the mortgage. The affidavit of renewal is not a necessary portion of the complaint, and the only purpose of pleading it was to narrow the issues. Insufficiency of the affidavit of renewal of the mortgage is entirely a matter of defense, and, in order to enable appellant to avail himself thereof, he must show that he was an innocent purchaser for value without notice. It appears that the chattel [2] mortgage was filed for record on April 29, 1914, and that appellant, Boland, bought the property described in the mortgage from one J. W. Dapper on May 18, 1914. The affidavit of renewal was filed May 8, 1916. Appellant, Boland, was chargeable with notice of the chattel mortgage at the date he made purchase of the property; for it was then a valid, subsisting lien on the property filed of record in the office of the county recorder, and, even though the affidavit of renewal

was not sufficient, he could not be heard to complain. (*National Bank* v. *Ingle,* 53 Mont. 415, 164 Pac. 535; *First State Bank* v. *King,* 37 Okl. 744, 47 L. R. A. (n. s.) 668, 133 Pac. 30.) The chattel mortgage antedated, both as to time of execution and filing for record, the sale of the property to appellant, Boland, and imparted notice to him, and he took the property subject to the rights of the mortgagee. (*Chester State Bank* v. *Great Northern Ry. Co.,* 58 Mont. 44, 190 Pac. 136.)

The next question is whether the privilege of renewal of a [3] liquor license is a property right in such sense that it is subject to mortgage. The trial court found that the "county and city liquor licenses are renewals and continuances of the said city and county liquor licenses, in force and in possession of the said M. H. Weber at the time of the execution of the said chattel mortgage, * * * and are subject to the lien of plaintiff's said mortgage." Such licenses were negotiable and transferable in the county where issued. (Rev. Codes, sec. 2759.) Section 3A of Chapter 35 of the Laws of 1913 ,in part provides: "Whenever the holder of any retail liquor license shall desire a renewal thereof to conduct such retail liquor business in the same camp, village or township, the county treasurer shall issue such license without requiring a petition therefor, unless a protest against such issuance shall have been filed."

The licenses were negotiable and transferable and might or might not be renewed, depending upon the state of mind of the holder at the time of the expiration thereof. It was a mere privilege conferred by the statute not having a potential existence, and in our opinion was not susceptible of being mortgaged. A mortgage covering such property is in effect no more than an executory contract which may become executed in the event the mortgagor elects to avail himself of the privilege of renewing the license. (*Isbell* v. *Slette,* 52 Mont. 156, 155 Pac. 503.) Respondent took the mortgage with full knowledge of the negotiability of such licenses, and that they might or might not be renewed dependent alone upon the

will of the holder. They were negotiated and transferred to Boland, and it would require a very strained construction of the statute to give the mortgagee the right to insist that his mortgage covers a renewal privilege exercised by a person other than the one to whom the licenses were originally issued and who attempted to mortgage same together with such privilege of renewal.

For the reasons stated, the findings and decree of foreclosure are modified so as to exclude therefrom the city and county liquor licenses assigned to appellant, Boland, and by him renewed. As thus modified, the judgment is affirmed.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Holloway concur.