## KURTZ, Respondent, v. ADRIAN, Appellant.

### (191 N. W. 188.)

(File No. 5109.　Opinion filed December 12, 1922.)

1. **Sales—Breach of Warranty—Actions—Action by Purchaser of Mortgaged Automobile Following Foreclosure Treated as Action for Breach of Warranty Against Incumbrances.**

    Action by purchaser of mortgaged automobile against seller for failure of seller's title by reason of foreclosure will be treated as an action for breach of warranty against incumbrances, under Rev. Code 1919, Sec. 941.

2. **Chattel Mortgages—Knowledge—Seller's Want of Notice of Existence of Lien Protects Buyer with Actual Notice.**

    When mortgaged personal property comes into hands of a purchaser having no notice of the lien, he obtains a complete title, and his want of notice is ample protection to all subsequent vendees, although they have actual notice of the incumbrance.

3. **Chattel Mortgages—Knowledge—Buyer Who Obtained Unincumbered Title, Because of Seller's Want of Notice of Mortgage Executed by Seller's Predecessor, Was Required to Defend Title Against Mortgage.**

    Where automobile was sold before mortgage thereon was filed, to bona fide purchaser, who thereafter sold the automobile after mortgage was filed, the second purchaser took unincumbered title, and was bound to assert such title against mortgagee, and on failure to so do could not recover for breach of warranty against incumbrances, under Rev. Code 1919, Sec. 941.

4. **Chattel Mortgages—Constructive Notice—Automobile License—License Registration Number of Automobile at Time It Is Sold Not Constructive Notice of Incumbrance Held by Owner, in Whose Name Car Was Registered.**

    A license registration number on an automobile at the time it is sold is not constructive notice of an incumbrance held by the owner, in whose name the car was registered, regardless of

the county or place where the car may be owned or sold, whether within or without the state.

5.  Chattel Mortgages—Filing—Automobiles—Buyer of Automobile, Registered in Name of Seller's Predecessor, Not Chargeable with Notice of Unfiled Mortgage Executed by Predecessor.

Buyer of automobile, subject to unfiled chattel mortgage executed by person in whose name car was registered at time of purchase by such buyer, was not, by reason of the license number on automobile, chargeable with constructive notice of the mortgage.

Appeal from Circuit Court, Spink County; Hon. Alva E. Taylor, Judge.

Action by Fred M. Kurtz against W. F. Adrian. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, defendant appeals. Order and judgment reversed.

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*Oscar Bancroft,* of Redfield, for Respondent.

(1)  To point one of the opinion, Appellant cited, re procedure:  Sec. 1976, Code 1919.

SMITH, J.  Appeal from a judgment against defendant and from an order overruling motion for a new trial. The facts decisive of the appeal are undisputed and are as follows:

On and prior to August 27, 1920, one Liebig owned a second-hand five-passenger Dodge car. On that date he sold it to one Kile, and took back a mortgage on the car for part of the purchase price. Later in the afternoon of the same day Kile sold the car to one Donahue. On August 30th Donahue sold the car to one Beardemphle. The chattel mortgage given to Liebig was not filed in the office of the register of deeds until the 31st day of August, 1920, at 1 o'clock p. m. Within a day or two after the filing of the mortgage, Beardemphle sold the car to the defendant Adrian, and thereafter, about the 1st of October, Adrian sold it to the plaintiff, Kurtz. At the time Adrian purchased the car he had no actual knowledge of the Liebig mortgage, and did not have such knowledge at the time he sold the car to plaintiff Kurtz, nor did he have any actual knowledge that the car had ever been owned by Kile or Liebig. Some time after the sale to Kurtz, Adrian heard of the Liebig mortgage, and in December advised Kurtz of its existence. The mortgage described the car as fol-

lows: "One five-passenger Dodge car"—and contained no other description by which the particular car could be identified. On February 5, 1921, the sheriff took the car from the possession of the plaintiff, Kurtz, without any resistance or objection on his part, for foreclosure under the Liebig mortgage, and on February 19th thereafter, at foreclosure sale, the car was sold to Liebig, the mortgagee. It is conceded that neither Donahue nor Beardemphle had any actual knowledge of the mortgage, and also that the mortgage was not on file in the register of deeds' office when they became purchasers of the car, and that each of them paid an honest consideration therefor. It is also conceded that, at the time Liebig sold the car to Kile, the car was registered in the name of Liebig as owner, and that registration numbers were issued to him and placed upon the car, and that the same registration numbers were thereon when the car was purchased by Donahue, Beardemphle, and defendant, Adrian.

Plaintiff, Kurtz, brings action against Adrian, his vendor, claiming failure of title, and demands the value of the car. Upon this state of facts the trial court instructed the jury as follows:

"The undisputed evidence shows that the car in question in this case had thereon license numbers under license to Rich Liebig, and that he never transferred the license to any one, and that the license numbers were thereon when he foreclosed his mortgage, and when he bid the car in at the foreclosure sale. The court instructs you as a matter of law that the license numbers on this car, when bought by defendant, were sufficient to put him on inquiry, and the undisputed evidence shows that the mortgage of M. E. Kile to Rich Liebig was on file at the time the defendant purchased the car of Beardemphle, and, had the defendant made reasonably diligent inquiry, he would have found the mortgage given by Kile to Liebig, and is bound by what he would have found."

The court further instructed the jury that the only question for their determination was the value of the car.

[1] Plaintiff founds his action upon the theory that he is entitled to recover for failure of his vendor's title by reason of the foreclosure. However, the action clearly is and must be treated as an action for breach of warranty against incumbrances (section 941, Code 1919), and necessarily involves a consideration

of the rights of vendors and purchasers under the statutes governing the filing and registration of chattel mortgages.

[2, 3] In La Crosse Mfg. Co. v. Anderson, 13 S. D. 301-307, 83 N. W. 331-332, this court held:

"When mortgaged personal property comes into the hands of a purchaser having no notice of the lien, he obtains a complete title, and his want of notice is ample protection to all subsequent vendees, although they have actual notice of the incumbrance."

This rule is sustained by other courts. Andrews v. Jenkins, 39 Wis. 476; John Caplice Co. v. Beauchamp, 22 Mont. 258, 56 Pac. 278. Under this long-established rule plaintiff received from defendant a valid and unincumbered title to the car, which title he was bound to assert and protect against an invalid mortgage, precisely as he would be bound at his own peril to defend any other property owned by him against illegal claims by third parties, unless the instruction given by the trial court is a correct statement of the law. This instruction embodies a rule of constructive notice, implied from the law requiring registration of motor vehicles, which appears to be entirely novel.

[4, 5] Even assuming that the registration number on an automobile, under the law of this state, may be considered as prima facie evidence that Liebig was once an owner of the car, which we do not decide, this instruction, in effect, lays down as a rule of law that the license registration number upon an automobile at the time it is sold is constructive notice of an incumbrance held by the owner in whose name the car was registered, and that regardless of the county or place where the car may be owned or sold, whether within or without the state. The adoption of such a rule would be a startling innovation. It would be, in effect, an announcement that every person who contemplated purchasing a car, and who had notice or knowledge that any third persons at some prior time had been owners of the car, would be charged with the legal duty of inquiring of every such former owner whether he held any incumbrance on the car about to be purchased. Certainly there is nothing in the laws of this state relating to licensing and registration of motor vehicles which evidences any such legislative intent.

Some courts have held under particular statutes that, as against the person who himself registers as owner, the proof of

registration may be held, in an action for injuries resulting from the negligent operation of the car, to raise a presumption of ownership, and even that such evidence may be held prima facie proof that the driver of the car at the time of the accident was engaged in the owner's service. Uphoff v. McCormick, 139 Minn. 392, 166 N. W. 788; Studebaker Bros. Co. v. Kitts (Tex. Civ. App.), 162 S. W. 464; Huddy on Automobiles, p. 864, § 671 (6th Ed.). But we know of no decision by any court holding that even actual knowledge that some certain person had been theretofore an owner of ,and had sold personal property, was sufficient to put a subsequent purchaser in good faith and for sufficient consideration, or his vendee, upon inquiry as to whether such former owner held an incumbrance upon the property.

We are of the view that the instruction of the trial court was erroneous and prejudicial, and that the order and judgment must be reversed.

Note—Reported in 191 N. W. 188. See American Key-Numbered Digest, (1) Sales, Key-No. 425, 35 Cyc. 441, 24 R. C. L. 230; (2) Chattel Mortgages, Key-No. 153, 11 C. J. Sec. 193, 24 R. C. L. 373; (3) Chattel Mortgages, Key-No. 153, 11 C. J. Sec. 194; (4) Chattel Mortgages, Key-No. 148, 11 C. J. Sec. 199.