FERGUS COUNTY, RESPONDENT, *v.* FIRST STATE BANK
OF HILGER, APPELLANT.

(No. 5,090.)

(Submitted March 9, 1923. Decided April 2, 1923.)

[213 Pac. 1114.]

*Chattel Mortgages — Absence of Affidavit of Good Faith —
Actual Notice of Prior Mortgage — Effect on Subsequent
Encumbrances.*

1. Where one takes a second mortgage on chattels with actual notice
of the existence of the prior lien, the fact that the first mortgage
did not have an affidavit of good faith attached thereto does not
render the second mortgage superior to the first one.

*Appeal from District Court, Fergus County; Rudolph Von
Tobel, Judge.*

67 Mont.—1          (1)

ACTION by Fergus County against the First State Bank of Hilger. Judgment for plaintiff, and defendant appeals. Reversed, with directions.

*Mr. Oscar O. Mueller,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Frank Woody,* Assistant Attorney General, argued the cause orally.

The rule is well settled that the record of a chattel mortgage, not entitled to be filed, is notice to no one. (*People* v. *Burns,* 161 Mich. 169, 137 Am. St. Rep. 466, 125 N. W. 740; *Donovan* v. *St. Anthony Elevator Co.,* 8 N. D. 585, 73 Am. St. Rep. 779, 46 L. R. A. 721, 80 N. W. 772; *Main* v. *Alexander,* 9 Ark. 112, 47 Am. Dec. 732; 5 R. C. L. 414.) It has also been held that actual notice of a prior defective mortgage does not render a subsequent mortgagee one not in good faith. (*Smith* v. *Allen,* 78 Wash. 135, 138 Pac. 683; *Embagi* v. *Northwestern Imp. Co.,* 101 Wash. 558, 172 Pac. 834.) We believe that the legislative intent in enacting Chapter 86 of the Laws of 1913 was to regard every purported mortgage that was not accompanied by the affidavit of good faith, as provided in section 2 thereof, void as against subsequent encumbrancers, whether with or without notice.

MR. JUSTICE STARK delivered the opinion of the court.

The only question involved herein is the right to the proceeds of the sale of certain personal property which both plaintiff and defendant claim by virtue of chattel mortgages held by them, respectively, upon the property sold. The cause was submitted to the trial court upon the pleadings together with an agreed statement of facts, and a judgment was rendered in favor of the plaintiff, from which defendant appealed.

The material facts necessary for a determination of this appeal are as follows: On November 11, 1918, Carl H. F. Kirst and his wife executed and delivered to the defendant their promissory note for $2,800, due on May 11, 1919, and to secure its payment gave defendant a chattel mortgage which was filed in the office of the county clerk of Fergus county. This mortgage did not have attached to it an affidavit of any officer of the defendant to the effect that the same was "made in good faith to secure the amount named therein, and without any design to hinder, delay or defraud creditors," as required by the statute then in force (Chap. 86, Laws of 1913, p. 378, sec. 2, approved March 14, 1913).

On December 4, 1919, Kirst and wife duly executed and delivered to plaintiff their note for $680, due one year after date, and at the same time, to secure payment thereof, likewise executed and delivered to plaintiff a chattel mortgage upon the same property covered by their mortgage to defendant. Plaintiff's mortgage was acknowledged and verified as required by statute and duly filed. At the time plaintiff took its mortgage it had actual knowledge of the existence of defendant's mortgage, which had been communicated to it by the mortgagors in a written and verified application for a loan under the provisions of section 21, Chapter 8, Extraordinary Session Laws of 1919 (sec. 4700, Rev. Codes 1921).

While the defendant was still the owner and holder of the note and mortgage given to it and the debt secured thereby was wholly unpaid, and on or about October 20, 1921, the plaintiff, without defendant's consent, took possession of the property described in the mortgages and sold the same for the sum of $686, which sum by appropriate pleadings is made the subject of this litigation; each of the parties claiming to be entitled to it by virtue of its mortgage.

The question presented for determination is whether a [1] subsequent mortgagee who takes his mortgage with actual notice of the existence of a prior mortgage upon the same property, which has no affidavit of good faith attached thereto,

thereby secures a lien thereon superior to that of the prior mortgage.

No question of the good faith of the mortgage given to defendant is raised, since it is agreed that defendant is the owner of the debt secured thereby and that it is unpaid.

Section 3861 of the Civil Code of 1895 provided that a chattel mortgage should be void as against creditors of the mortgagor and subsequent purchasers or encumbrancers of the property in good faith unless the property was delivered to and retained by the mortgagee, or, if the property remained in the possession of the mortgagor, it was accompanied by an affidavit of good faith similar to the one required by the provisions of Chapter 86, Laws of 1913, *supra*. While this statute was in force, this court held, in the case of *Reynolds* v. *Fitzpatrick*, 23 Mont. 52, 57 Pac. 452, that, as between the parties thereto, a mortgage was valid and binding whether it was filed or whether it conformed to any of the requirements of the statute, and in *John Caplice Co.* v. *Beauchamp*, 22 Mont. 258, 56 Pac. 278, held that a subsequent purchaser or encumbrancer to successfully assail the validity of a prior mortgage which had not been filed as required by law must have become such purchaser or encumbrancer in good faith.

The Act of March 14, 1913, *supra,* changed the former statute in some respects and omitted therefrom the statement that a chattel mortgage should be void as against creditors of the mortgagor and subsequent purchasers and encumbrancers in good faith unless the mortgaged property was delivered to and retained by the mortgagee or accompanied by the affidavit of good faith, and simply provided that the mortgage must be signed, acknowledged, and have the affidavit of good faith attached thereto; but section 5 of the Act provides: "A mortgage of personal property, executed and filed as hereinbefore provided, ceases to be valid as against creditors of the mortgagor and subsequent purchasers or encumbrancers in good faith after the expiration of two years and sixty days from

the filing thereof" unless an affidavit of renewal was filed as provided in the next following section.

Reading this section in connection with the other provisions of the Act, it is apparent that the purpose of the Act was to designate what mortgages could be filed, and thereby give constructive notice to creditors and subsequent purchasers and encumbrancers in good faith and to such only (*Isbell* v. *Slette*, 52 Mont. 156, 155 Pac. 503), and that there was no intent on the part of the legislature to declare that one who claimed a mortgage upon personal property with actual knowledge of the existence of a prior informal or unfiled mortgage thereon, thereby secured a superior lien. (See *Chester State Bank* v. *Minneapolis T. M. Co.*, 58 Mont. 44, 190 Pac. 136; *Foorman* v. *Boland*, 59 Mont. 185, 196 Pac. 147.)

From the foregoing it appears that the court erred in finding in favor of the plaintiff and adjudging that it was entitled to the proceeds of the property sold.

The judgment is reversed, and the cause remanded to the district court of Fergus county, with directions to enter judgment against the plaintiff and in favor of defendant.

*Reversed with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.