The CENTRAL BANK AND TRUST COMPANY, a corporation, Plaintiff,

v.

LEE C. NELSON, INC., a corporation, Defendant,

Robert W. Wegner and Mable Wegner, Interveners.

No. 914.

United States District Court
D. Montana,
Helena Division.

Sept. 24, 1963.

Weir, Gough & Booth, Helena, Mont., for plaintiff.

John C. Hoyt, Great Falls, Mont., and Stanley P. Sorenson, Helena, Mont., for defendant.

Geoffrey L. Brazier, Helena, Mont., for interveners.

MURRAY, Chief Judge.

Plaintiff and interveners have each moved for summary judgment as against each other, supporting their respective positions by briefs, and have agreed to submit said motions to the court upon said briefs and the files and records in this case, and in a related case, being Cause No. 910, Lee C. Nelson, Inc., Plaintiff, Robert W. Wegner and Mable Wegner, Interveners, vs. National Clean Mart Corporation, Defendant.

■■ Plaintiff is the assignee and holder of a certain promissory note and chattel mortgage covering laundry and dry cleaning equipment now located in the City of Helena, Montana. The note and chattel mortgage were given by Lee C. Nelson, Inc., the defendant herein, to National Clean Mart Corporation, as part of the purchase price of said equipment, and were assigned by National Clean Mart to the plaintiff. The chattel mortgage did not contain the affidavit of good faith required by Sec. 52–302, R.C.M. 1947,[1] and hence was not entitled to be recorded under the provisions of that section, although it was in fact recorded in the office of the County Clerk and Recorder of Lewis and Clark County, Montana, on September 8, 1961. Under Montana law, an instrument not entitled to record, though actually recorded, is of the same effect as to third persons as one unrecorded. Doering v. Selby, 75 Mont. 416, 244 P. 485. Therefore, as to the interveners in this case, the plaintiff's mortgage is to be considered just as though it had never been filed for record.

When the equipment was purchased, it was installed in a building in Helena, Montana, leased by Lee C. Nelson, Inc., from the interveners, and Robert W. Wegner, the husband intervener, was employed to get the building ready for the installation and to assist in the installation of the equipment. As a result of this work, Lee C. Nelson, Inc., became indebted to the interveners to the extent of some $3,600 for wages, and money

1. This Section and Section 52–305, R.C.M. 1947, hereinafter referred to were repealed by the 1963 Montana Legislature upon the adoption of the Uniform Commercial Code. Ch. 264, Laws of Mont. 1963. However the new act does not become effective until Jan. 1, 1965, and in this case we are concerned with the Sections as they presently exist.

advanced, and the interveners commenced an action in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, against Lee C. Nelson, Inc., to recover the indebtedness, and caused a Writ of Attachment to be levied in said action against the identical equipment covered by plaintiff's chattel mortgage.

■ While the deposition of intervener Robert W. Wegner does not clearly establish that he had actual knowledge of the existence of the plaintiff's chattel mortgage at the time he caused the Writ of Attachment to be levied, his counsel concedes such knowledge in the interveners' reply brief. Therein it is stated "if counsel's knowledge can be imputed to his clients, then interveners did have actual knowledge of the mortgage immediately prior to the filing of the action in state court and the issuance of the writ of attachment." The knowledge of the attorney is imputable to his client in these circumstances. Hansen v. Johnson, 90 Mont. 597, 4 P.2d 1088, 1090.

■ Therefore, the problem presented by these cross motions for summary judgment boils down to the single issue of whether the lien of a prior unrecorded chattel mortgage is superior to the lien of a writ of attachment secured by a creditor with actual knowledge of the prior unrecorded chattel mortgage. Counsel for the contesting parties are agreed that Montana law must furnish the answer in this case. The court is of the opinion that under Montana law the prior unrecorded chattel mortgage does not take priority over the subsequent attachment levied with knowledge of the unrecorded mortgage, and that the lien of the writ of attachment is superior to the lien of the prior unrecorded chattel mortgage.

Section 52–302, R.C.M.1947, sets up the requirements for the execution of a valid chattel mortgage in the State of Montana, including among others, the requirement of an affidavit of good faith. This section further provides that unless the mortgage meets the prescribed requirements, it "shall not be filed as a chattel mortgage by the clerk and recorder."

Section 52–305, R.C.M.1947, establishes the effect of filing a properly executed chattel mortgage. The first sentence of that section provides:

"Every mortgage of personal property, made, acknowledged, and filed, as provided by the laws of this state, is thereupon, if made in good faith, good and valid as against the creditors of the mortgagor, or subsequent purchaser, or encumbrancers, from the time it is so filed, and for the period of two years and sixty days from and after the due date of the debt or obligation thereby secured."

The remaining sentence of the section, which is not applicable or material here, provides that the mortgage ceases to be valid after two years and sixty days unless renewed as provided in subsequent sections.

It is to be noted that the requirement "if made in good faith" in the above quoted portion of Section 52–305 applies only to making and filing of the mortgage, and not to creditors of the mortgagor, subsequent purchasers or encumbrancers. Speaking of statutes of this type, it is said in 10 Am.Jur., "Chattel Mortgages, Sec. 109:

"Under the most common form of statute relating to the filing or recording of chattel mortgages only subsequent purchasers or mortgagees in good faith are protected against the unfiled or unrecorded mortgage. The requirement of good faith is less commonly attached to creditors. Where the statute is in this form and requires good faith on the part of subsequent purchasers, mortgagees, or creditors, it is held that such persons are not protected where they have actual notice of the mortgage. * * *"

The Montana statute is not of the type referred to above. The section in Am.

Jur. goes on to say, concerning the type of statute which we have in Montana:

"Where the statute makes the unfiled or unrecorded mortgage invalid as against certain enumerated persons without attaching the requirement of good faith or absence of notice, such persons take priority over the unfiled or unrecorded mortgage even though they have actual notice thereof. This rule is applied to creditors, and to subsequent purchasers and mortgagees."

While the Montana statute does not say in so many words that a mortgage not made and filed in accordance with the requirements of the law is invalid as against creditors, such a result is implicit in the provision that only mortgages made, acknowledged and filed as provided by the laws of this state are good and valid as against creditors.

The Montana Supreme Court has held in accordance with the above view. In Standard Oil Co. v. Idaho Community Oil Co., 95 Mont. 412, 27 P.2d 173, Standard Oil brought an action to foreclose a mortgage covering both real and personal property, wherein the State of Montana intervened to enforce liens which it had covering part of the same property covered by Standard's mortgage but which liens were subsequent to the mortgage. In holding the state's liens superior to the mortgage, insofar as it covered personal property, the Montana Supreme Court said at page 175 of the Pacific Reporter:

"The mortgage not being accompanied by the affidavit of good faith required to accompany mortgages of personal property, it remains to determine the effect of the omission of the affidavit. The state contends that it renders the mortgage invalid. This court has so held when dealing with a chattel mortgage. (Citing cases) * * *

"The affidavit adds nothing to the validity of the mortgage in so far as it deals with real estate. A mortgage may be valid in part and invalid in part. * * * Such, we think, is the case here. *The omission of the proper affidavit rendered the mortgage invalid only so far as it covers personal property.*"

Other Montana cases holding a chattel mortgage invalid if not entitled to be filed and filed are Reynolds v. Fitzpatrick, 23 Mont. 52, 57 P. 452 and First National Bank of Butte v. Beley, 32 Mont. 291, 80 P. 256.

Plaintiff points out that the Reynolds and First National Bank cases were decided under Section 3861 of the Montana Codes of 1895, a predecessor statute to Section 52–302, R.C.M.1947, which set up the requirements for a valid chattel mortgage, and specifically provided that if the requirements were not met the mortgage would be void, whereas the present Section 52–302 simply provides that if its requirements are not met the mortgage shall not be entitled to be filed as a chattel mortgage. However, as pointed out above, present Section 52–305, R.C.M.1947, implicitly provides that a chattel mortgage not made, acknowledged and filed as required by law is invalid as to creditors, subsequent purchasers or encumbrancers. In this connection, too, it is to be noted that the amendment of Section 3861 of the 1895 Code, to which counsel for plaintiff refers, was made in 1913, and that Standard Oil Co. v. Idaho Community Oil Co., supra, was decided after the amendment was made.

Counsel for plaintiff relies on Fergus County v. First State Bank, 67 Mont. 1, 213 P. 1114, wherein the Montana Supreme Court held that a prior chattel mortgage without an affidavit of good faith attached was superior to a subsequent chattel mortgage taken with knowledge of the prior mortgage. At first glance this case appears to be inconsistent with the views expressed herein. However, this seeming inconsistency is explainable in the fact that the Fergus County case deals with a subsequent encumbrancer and not a creditor. In Hansen v. Johnson, 90 Mont. 597, 4 P.2d

1088, at page 1090, the Montana Supreme Court made the following statement:

"It is conceded by the defendants that, under the provisions of section 8279, Id., (now 52–305) the rules applicable to 'encumbrancers' apply to creditors; each must act in good faith; *we do not so hold* (see Cardenas v. Miller, 108 Cal. 250 [39 P. 783], 47 [41] P. [472] 474, 49 Am. St.Rep. 84, construing a like statute) * * *."

The Cardenas case held that under the California statute the lien of an attachment was superior to that of a prior unrecorded chattel mortgage, even though the attaching creditor had actual knowledge of such mortgage, and even though the California statute imposed a condition of good faith on creditors and encumbrances which, as pointed out above, the Montana statute (52–305) does not. In citing the Cardenas case with approval, the Montana Supreme Court adopted the distinction pointed out and discussed in the Cardenas decision between creditors and encumbrancers, under statutes which deal with the effect of recording of chattel mortgages.

In any event, the Standard Oil Co. case, supra, which held that the lien of the creditor, the State, was superior to the lien of the chattel mortgage recorded without the required affidavit of good faith, was decided in 1934, some eleven and a half years after the Fergus County case, which was decided in 1923, and would be controlling here.

For the foregoing reasons, the plaintiff's motion for summary judgment is hereby denied, and the interveners' motion for summary judgment is hereby granted on the issues presented by said motion.

This decision settles only the question of the relative priority between plaintiff and interveners as regards the laundry equipment which is the subject of both the attachment and the chattel mortgage. The remainder of the case remains to be tried.